Filed 9/26/23  P. v. Sedillo CA2/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B309401 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA085739) |
| v. | |
| LISA SEDILLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Blythe J. Jeszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Lisa Sedillo appeals from an order denying her petition for resentencing under the predecessor to Penal Code section 1172.6.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, a jury convicted Sedillo of one count of murder (§ 187, subd. (a)), five counts of attempted murder (§§ 664, 187, subd. (a)), and one count of shooting at an inhabited dwelling (§ 246). We affirmed Sedillo's murder conviction, reversed the attempted murder convictions on statute of limitations grounds, and reversed the shooting at an inhabited dwelling conviction with directions to determine whether the statute of limitations had expired on that count. (*People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1070 (*Sedillo*).) Sedillo was thereafter resentenced on the murder count only to 15 years to life.

In February 2019, Sedillo filed a petition for resentencing under section 1172.6 in which she alleged that she was convicted of "murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and she could not now be convicted of murder because of changes made to the murder statutes as of January 1, 2019.[2] Sedillo also requested the appointment of counsel.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Sedillo filed her petition under the predecessor to section 1172.6, which was originally codified as section 1170.95. (See Stats. 2018, ch. 1015, § 4, pp. 6675–6677; Stats. 2022, ch. 58, § 10.) For the sake of consistency and to avoid confusion, we will refer only to the current statutory designation.

[2] Sedillo filed her petition prior to an amendment to section 1172.6 that permits resentencing if the petitioner was

The trial court appointed counsel for Sedillo and directed the People to file a response to the petition.

In their respective papers in the trial court, the People and Sedillo agreed on the following facts concerning the crime. Sedillo and Francisco Moreno were members of the Eastside Longo gang. On December 1, 1992, Sedillo drove Moreno to a house where a wake was being held for a former member of a rival of Eastside Longo. Moreno got out of the car, fired at least 10 shots into a group of people attending the wake, and returned to the car. Sedillo then drove away. Moreno's gunfire killed Jason Bandel and wounded several others. Moreno was prosecuted and convicted of Bandel's murder in 1995. Sixteen years later, Sedillo was charged with Bandel's murder and other crimes after she made incriminating statements in 2010. (*Sedillo*, *supra*, 235 Cal.App.4th at p. 1042.)

The People argued that Sedillo is ineligible for resentencing as a matter of law because she was prosecuted as a direct aider and abettor, and the court did not instruct her jury as to the felony-murder rule or the natural and probable consequences doctrine.

In her response to the opposition, Sedillo conceded that the jury that convicted her had not been instructed on either the felony-murder rule or the natural and probable consequences doctrine, but argued that she was entitled to relief because the jury

---

convicted under a "theory under which malice is imputed to a person based solely on that person's participation in a crime," as well as under the felony-murder rule or the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2, p. 6971.) For purposes of our analysis, we will assume that the amendment applies to Sedillo's petition. (See *People v. Langli* (2022) 73 Cal.App.5th 972, 978, fn. 3 (*Langli*); *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006–1007.)

made no finding that she acted with the intent to kill or that she had actual knowledge of Moreno's intent to kill.

The court denied the petition without a hearing.[3] The court noted that Sedillo's jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine and that "there was sufficient evidence for the jury to find beyond a reasonable doubt . . . that [Sedillo] aided and abetted Moreno in the murder with implied malice."

Sedillo appealed. We appointed counsel for her, who filed a brief that asserted no arguable issues and requested that we review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Sedillo did not submit a supplemental brief or otherwise inform us of any issues to be considered. We dismissed the appeal as abandoned, citing *People v. Serrano* (2012) 211 Cal.App.4th 496, among other authorities.

Our Supreme Court granted review and deferred action in the matter pending its decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). (*People v. Sedillo*, S271292, Supreme Ct. Mins., Dec. 15, 2021.)

On December 19, 2022, the Supreme Court decided *Delgadillo*. (*Delgadillo*, *supra*, 14 Cal.5th 216.) On March 29, 2023, the Supreme Court transferred Sedillo's case to this court with directions to vacate our decision and reconsider whether to exercise our discretion to conduct an independent review of the record or

---

[3] At the time the court ruled on Sedillo's petition in October 2020, the court was not required to hold a hearing to determine whether the petitioner made a prima facie showing for relief. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.) The Legislature subsequently amended section 1172.6 to require "the court [to] hold a hearing to determine whether the petitioner has made a prima facie case for relief." (Stats. 2021, ch. 551, § 2, p. 6972.)

4

provide any other relief in light of *Delgadillo*. (*People v. Sedillo*, S271292, Supreme Ct. Mins., Mar. 29, 2023.)

On April 10, 2023, Sedillo's counsel moved to strike his "*Wende/Delgadillo* brief" and set a briefing schedule. We granted the motion on April 17, 2023 and directed counsel to file an opening brief within 30 days. We also granted Sedillo's request to augment the record with the jury instructions given at Sedillo's trial and granted the Attorney General's request to take judicial notice of the appellate record in Sedillo's direct appeal. Sedillo and the People thereafter filed briefs and were given an opportunity for oral argument.

## DISCUSSION

We review de novo the trial court's determination that a petitioner failed to make a prima facie showing under section 1172.6. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

Sedillo contends that the court engaged in "impermissible factfinding" at the prima facie stage of her section 1172.6 petition, improperly applied a sufficiency of the evidence standard of proof, and did not consider whether the jury instructions permitted the jury to convict Sedillo on a theory under which malice was imputed to her based solely on her participation in a crime. We need not decide the merits of these arguments if the record of conviction, including the jury instructions, establishes as a matter of law that Sedillo is not entitled to relief under section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); *People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review granted Feb. 24, 2021 & review dism. Dec. 1, 2021, S266336; *People v. Garcia* (2022) 82 Cal.App.5th 956, 971; see *Delgadillo, supra*, 14 Cal.5th at p. 233 [further proceedings not required when reviewing court

5

independently reviews the record and determines that petitioner is not entitled to relief under section 1172.6].)

A petitioner is ineligible for relief under section 1172.6 as a matter of law when the jury that convicted the petitioner of murder was not instructed on the felony-murder rule, the natural and probable consequences doctrine, or another theory by which malice could be imputed to the petitioner based solely on the petitioner's participation in a crime. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205; see *Harden, supra,* 81 Cal.App.5th at p. 52; *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Here, Sedillo concedes that her jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine. She contends, however, that the jury instructions permitted the jury to find her guilty on another theory under which malice was imputed to her based solely on her participation in the crime. We reject the contention.

In instructing Sedillo's jury on aiding and abetting murder, the court stated that "the aider and abettor's guilt is determined by the combined acts of all of the participants as well as the person[']s own mental state." The court further instructed that "[a] person aids and abets the commission of a crime when he or she: [¶] (1) [w]ith knowledge of the unlawful purpose of the perpetrator, and [¶] (2) [w]ith the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) [b]y act or advice, aids, promotes, encourages or instigates the commission of the crime." (Brackets omitted.)

Regarding "the crime" of murder, the court instructed the jury that murder is the unlawful killing of a human being with malice aforethought, that malice may be express or implied, and that malice is implied when "[(1)] [t]he killing resulted from an intentional act; [¶] [(2)] [t]he natural consequences of the act are dangerous to human life; and [¶] [(3)] [t]he act was deliberately

6

performed with knowledge of the danger to, and with conscious disregard for, human life."

Reading these instructions together, the jury was required to determine Sedillo's guilt for the crime of murder based in part on her "own mental state," which includes knowing the perpetrator's "unlawful purpose" and having the "intent or purpose of committing or encouraging or facilitating the commission of the crime." In applying these instructions to the count of murder, the jury could only have reasonably understood "the crime," as used in this instruction, to mean the crime of murder; no target or other crime is indicated.

In *People v. McCoy* (2001) 25 Cal.4th 1111, our Supreme Court explained that "one cannot knowingly and intentionally help another commit an unlawful killing without acting with malice" in the absence of "some circumstance negating malice." (*Id.* at p. 1123.) Sedillo points to no "circumstance" in this case that could have negated malice. We can thus rephrase McCoy's statement to avoid its double negative to state: One who knowingly and intentionally helps another commit an unlawful killing acts with malice. This is substantively indistinguishable from the jury's finding that Sedillo knew of the perpetrator's unlawful purpose and acted with the intent and purpose of committing or encouraging or facilitating the commission of the crime of murder. Based on the instructions, therefore, the jury's finding necessarily implies that she acted with malice. (See *ibid.*) Although such malice may be implied, it was, as the jury was further instructed, based on her "own mental state," and not imputed to her based solely on her participation in the crime.

Sedillo relies on *Langli, supra*, 73 Cal.App.5th 972. In *Langli*, our colleagues in the First District addressed similar jury instructions and came to a different result. The *Langli* court reasoned that the instruction that the aider and abettor must act

7

with " 'the intent or purpose of committing or encouraging or facilitating the commission of the crime' " "does not state that the aider and abettor must himself have known that the act he aided was life-threatening, or that he must himself have acted with indifference to human life." (*Id.* at p. 982.) If the "trial court uses such an instruction without tailoring it to the specifics of that crime," the *Langli* court reasoned, "the instruction creates an ambiguity under which the jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Ibid.*; accord, *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1265.)

We need not decide whether *Langli* is correct. It does not appear from the decision in *Langli* that the court instructed the jury in that case that the jury must determine the defendant's guilt based on his own mental state. In the absence of such an instruction, the Court of Appeal could reasonably construe the instructions as a whole as creating "an ambiguity under which the jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Langli*, *supra*, 73 Cal.App.5th at p. 982.) Here, by contrast, Sedillo's jury was instructed that it must determine Sedillo's guilt as an aider and abettor based on her "own mental state," and that murder requires the mental state of "malice aforethought." The ambiguity in the *Langli* instructions, therefore, is not present in this case. Rather, the instructions unambiguously required the jury to find that Sedillo acted with the intent or purpose of committing, encouraging, or facilitating the crime of murder, which, in the absence of circumstances negating malice, is "acting with malice." (*People v. McCoy*, *supra*, 25 Cal.4th at p. 1123.)

Because the record of conviction establishes that Sedillo is ineligible for relief under section 1172.6 as a matter of law, any error in the proceeding below is harmless.[4]

## DISPOSITION

The order denying Sedillo's resentencing petition is affirmed. NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

---

[4] Because we affirm the court's ruling for the reasons stated, we do not address the Attorney General's further argument that the jury's determination that Sedillo was guilty of five counts of attempted murder necessarily implies that she acted with express malice or Sedillo's argument that the attempted murder convictions are irrelevant because we reversed such convictions on Sedillo's direct appeal.